IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,231






EX PARTE BLAKE TYRONE LITTLE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 5970 IN THE 1ST JUDICIAL DISTRICT COURT 

OF SABINE COUNTY 



 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of murder, and punishment was assessed at seventy years' confinement. 
His direct appeal was dismissed for want of jurisdiction. Little v. State, No. 12-04-00203-CR
(Tex. App. -- Tyler, delivered July 14, 2004).

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 5970 from the 1st District Court of Sabine County. The
proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the conviction had been entered on the day that the mandate of this
Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take
affirmative steps to see that notice of appeal is given within thirty days after the mandate of
this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: August 31, 2005